[No. 22600. Department One. December 5, 1930.]

J. E. HEARRON, *Respondent,* v. JOHN SEVERYNS & COMPANY *et al., Appellants.*[1]

*W. A. Funk & Son,* for appellants.
*Frank J. Allen* and *J. M. Dunn,* for respondent.

[1]Reported in 293 Pac. 458.

Tolman, J.—It appears in this case that appellants John Severyns and Jessie M. Severyns were married in 1919, and thereafter the husband became a partner in a produce business carried on in the name of John Severyns & Company; he, or the community, having something like a two-thirds interest in the copartnership. After some six years of operations as a copartnership, it was decided to incorporate the business under the same name, and articles of incorporation were executed and filed and the corporation John Severyns & Company took possession and assumed ownership of all of the assets theretofore belonging to the copartnership, and no doubt assumed or became liable to pay all of its indebtedness.

Some formal conveyances of both personal and real property were then or afterwards made by the individuals to the corporation, and perhaps some were intended to be made and never were made; but that, as we view it, is immaterial for present purposes.

Shortly after the corporation was organized and began to operate the business, appellant John Severyns sought and obtained a loan for the corporation in the amount of two thousand dollars from the respondent, for which the corporation note was given. According to the allegations of the complaint, and the proof offered by the respondent and as found by the trial court, the loan was made by the respondent in reliance upon representations then made by appellant John Severyns to the effect that the corporation was solvent, in good and first class financial condition, with property and assets worth forty thousand dollars; that its liabilities did not exceed seven thousand dollars; that it was incorporated for twenty-five thousand dollars and that all of its capital stock had been subscribed and fully paid for.

The complaint alleges that these representations

488

were false, that they were made on behalf of the community for the purpose of benefiting it through its interest in the corporation, and that the respondent had been damaged thereby to the extent of the unpaid portion of the note, for which amount he demanded judgment against the appellant John Severyns and against the community of which he was a member.

After a trial on the merits, the court made findings favorable to the .plaintiff, and entered judgment against the appellant John Severyns and the community accordingly, from which judgment the defendants Severyns have appealed.

Most of the errors assigned raise questions of fact only, and after a careful consideration of all of the evidence, we are well content with the findings as made. Since we cannot hold that the evidence preponderates against these findings in any respect they will not be disturbed.

The only questions of law involved are (1), the liability of the community and (2), a certain ruling in the reception of evidence.

██ Since the court found, and it clearly appears, that the copartnership interest was community property, and that stock in the corporation was issued to both husband and wife in exchange for the community interest in the copartnership, all of that stock became likewise community property. We have here, then, the familiar case of an act done by the husband in the interest of the community and from which it derived a direct benefit. In all such cases, we have invariably held the community liable, and the cases on the subject are so numerous and the rule so familiar that we refrain from citing authority.

█ Respondent, in his case in chief, introduced what purported to be the minutes of a meeting of the board of trustees of the corporation, signed by appel-

lant Jessie M. Severyns, as secretary, showing or purporting to show that the capital stock of the corporation had not been paid for. Appellant sought to give evidence tending to impeach these minutes. An objection thereto was sustained, and the following offer of proof was made:

"I offer to prove by Jessie M. Severyns, as secretary of the corporation, that these minutes did not constitute a record of all business transacted at that meeting; that there was actual conversation to the effect that arrangements for the transfer had taken place and there had been a receipt by the officers of the corporation of the assets; that it was the intention of the stockholders at that meeting to make formal the record and cure any defect in the record on that."

Aside from the fact that all of the matters relating to the transfer of the assets of the copartnership to the corporation were gone into fully and repeatedly, and that the facts and circumstances were all before the court, and assuming that the minutes were *prima facie* evidence only and subject to being rebutted, still all that was contained in the offer, if received, would in no wise affect the ultimate facts as found by the court from the other evidence in the case, and therefore appellants were not prejudiced by the ruling.

The judgment of the trial court is affirmed.

MITCHELL, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.